3:26-mj-00211

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AGAINST CANDACE LYNN ROSS

I, Yonsoo Lee, being duly sworn, do hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.    I am a certified police officer in the State of Oregon and am employed by the City of Tigard Police Department located in Washington County, Oregon.   I have been employed in that capacity for over twenty-five years, and I have one-year prior law enforcement experience with the City of Gladstone Police Department where I was employed as a Reserve Police Officer. I am a peace officer of the State of Oregon within the meaning of Oregon Revised Statute 161.015, and I am authorized by law to conduct investigations, apply for and execute search warrants and arrest warrants, and to make arrests for violations of the Oregon Revised Statutes.

2.    I am a sworn federal law enforcement agent of the United States having been deputized as a Special Deputy United States Marshal assigned as a Task Force Officer to the United States Department of Justice Federal Bureau of Investigation (FBI).   I have been an FBI Task Force Officer for over twenty years.   I am empowered by law to conduct investigations and make arrests as set forth in Title 18, United States Code, Section 2516.   As such, I am an "investigative or law enforcement officer" within the meaning of Title 18, United States Code, Section 2510(7).

3.    I am currently assigned to the FBI's Violent Crimes, Human Trafficking, and Crimes Against Children squad, where I investigate crimes relating to violent incident crime, human trafficking, child exploitation, and child pornography, including violations of the

**Affidavit of Yonsoo Lee**                                                       **Page 1**

Trafficking Victims Protection Act that include Title 18, United States Code, Sections 1591 and 1594; and violations of the Mann Act that include Title 18, United States Code, Sections 2421-2424.   I have over 3000 hours of continuing education and law enforcement training.   I have received more than 500 hours of specialized training in investigating sexual violence, sexual exploitation, and human trafficking, and have participated in more than 100 investigations of sex trafficking and child sexual exploitation offenses, including many as the primary case agent.   In addition, my formal education includes but is not limited to a Bachelor of Science degree in Economics and a Master of Science degree in Psychology.

4.      This affidavit is submitted in support of an application for a criminal complaint charging ROSS with International Parental Kidnapping ("IPK"), in violation of 18 U.S.C. § 1204.   Specifically, ROSS removed a child from the United States and continues to retain the child outside of the United States with the intent of keeping the child from his father who has legal custody.

5.      The information contained in this affidavit is the result of my own investigation or has been provided to me by other law enforcement authorities whom I believe to be reliable. Since this affidavit is being submitted for the limited purpose of securing an IPK complaint, I have not included each and every fact known to me concerning this case. I have set forth only the facts that I believe necessary to establish probable cause for the issuance of this complaint.

### APPLICABLE LAW

6.      Title 18, United States Code, Section 1204 makes it a crime for a person to remove a child from the United States, or to attempt to do so, or to retain a child (who has been

**Affidavit of Yonsoo Lee**                                                          **Page 2**

in the United States) outside the United States with intent to obstruct the lawful exercise of parental rights.

## STATEMENT OF PROBABLE CAUSE

7.      On September 22, 2025, I was contacted by Detective Sergeant Vaughn Bechtol with the Lake Oswego Police Department in Lake Oswego, Oregon.   At that time Det. Sgt. Bechtol advised that he was working on a possible parental abduction case in which the complainant, Hassan Sameer Mahmoud, was reporting that his ex-girlfriend, Candace Lynn Ross, date of birth January 25, 1981, had abducted their minor child, Abdelaziz Mahmoud, date of birth May 11, 2017, and taken Abdelaziz out of the country without Hassan's consent.   Det. Sgt. Bechtol advised that he was working with the Clackamas County District Attorney's Office to investigate State of Oregon custodial interference charges.

8.      On March 18, 2026, I received a copy of Lake Oswego Police file number 2025-3882 from Lake Oswego Police Department Records Unit.   From reviewing the aforementioned reports as well as ongoing conversations with Det. Sgt. Bechtol, I learned the following information: Hassan Sameer Mahmoud is a resident of Thousand Oaks, California.   Hassan has an ex-girlfriend identified as Candace Lynn Ross, with whom he has a son named Abdelaziz Mahmoud.   Following Hassan and Candace's separation, and up until the events resulting in the current investigation, they maintained an informal custody arrangement in which they shared custody and parenting time.   During this time Candace was a resident of 16932 Greentree Avenue, Lake Oswego, Oregon 97035.

9.      Hassan Mahmoud reported to law enforcement that on December 22, 2024, Hassan brought Abdelaziz from his home in Thousand Oaks, California to Candace's home in

**Affidavit of Yonsoo Lee**                                                                                    **Page  3**

Lake Oswego, Oregon to stay with her with the agreement that she would return Abdelaziz on December 26, 2024.   However, at Candace's request that return date was extended with Hassan's agreement to January 2, 2025.   Hassan reported that it was at this point that Candace cut off contact with him and stopped responding to his communications.

10.     On January 12, 2025, Hassan went to Candace's residence in an attempt to retrieve Abdelaziz.   Candace refused to turn over custody of Abdelaziz and instead contacted law enforcement to report that Hassan had shown up at her house and was refusing to leave. Hassan eventually left the residence without being able to retrieve his son.   On January 31, 2025, Hassan contacted Lake Oswego Police Department and requested a welfare check on Abdelaziz since he had been unable to speak with his son.   Hassan further reported that he had been trying to serve Candace with custody paperwork but had been unsuccessful in reaching her. Lake Oswego police officers went to the residence to conduct the welfare check and had contact with Candace Ross.   During the contact, Candace Ross was found to have a warrant for her arrest for Driving while Under the Influence of Intoxicants.   She was taken into custody and lodged at the Clackamas County Jail.   The responding officers conducted a welfare check on Abdelaziz, who was being cared for by Candace's adult sister Brittany Ross following Candace's arrest.

11.     In early 2025 Hassan Mahmoud made an Ex Parte Application for temporary emergency custody of Abdelaziz in Department F48 of the Los Angeles Superior Court in the State of California.   Hassan Mahmoud provided email communications between his attorneys and those purporting to represent Candace Ross indicating that documents relating to Hassan's Petition to Determine Parental Relationship filed January 14, 2025, had been transmitted to

**Affidavit of Yonsoo Lee**                                                                                   **Page  4**

Candace's attorneys with a request that they accept service on her behalf.   On March 11, 2025, an order granting Hassan Mahmoud custody of Abdelaziz Mahmoud was granted by the Honorable Sonia B. Dujan, California Superior Court Judge.

12.      On March 20, 2025, Hassan Mahmoud filed an additional Ex Parte Application for emergency orders prohibiting Candace Ross from traveling outside the United States with Abdelaziz Hassan Mahmoud.   He further requested an order directing the district attorney to take all actions necessary to locate Candace Ross and Abdelaziz Mahmoud, and to return the minor child to Petitioner.   He further requested assistance in the enforcement of the Court's March 11, 2025, order on Hassan's request for temporary emergency custody previously signed by the Honorable Sonia B. Dujan.   In approving the application and issuing the order, the Court determined the following:   Having reviewed all papers filed in support of the Ex Parte Application, the Court determines that there is reason to believe the minor child of the parties has been taken, detained, and concealed by the Respondent in violation of an Order of this Court.

13.      During the course of my investigation, I have had the opportunity to review a copy of Ventura (California) County Sheriff's Office file number 2025-37414.   From reviewing the written report of Deputy Christian Dodd, I learned the following information:   Deputy Dodd spoke with Hassan's attorney who reported that she had emailed a copy of the ex parte custody order to Candace Ross to inform her that she was in violation of the custody order.   Deputy Dodd spoke with Hassan who reported that Candace Ross had cut off all communication with him and he had not heard from her or their son in approximately two months.   Based in part on the above information, Deputy Dodd determined that he had probable cause to believe that Candace Ross was in violation of California Penal Code PC 278.5(a) – Child Abduction.

**Affidavit of Yonsoo Lee**                                                            **Page 5**

Deputy Dodd contacted the Lake Oswego Police Department and requested a welfare check at Ross' last known address of 16932 Greentree Avenue, Lake Oswego, Oregon 97035. The responding Lake Oswego officers determined that nobody was at the residence.  The officers contacted a neighbor who reported that Candace Ross' residence had been vacant for approximately three weeks and the neighbor had heard that Candace had moved out.

14.    Detective Sergeant Bechtol contacted United States Customs and Border Protection whereupon he learned that Abdelaziz Mahmoud and Ross, travelling under known alias "Candace Lawson," left the United States via international flight on March 12, 2025.  The flight had a layover in Qatar, with Candace and Abdelaziz ending up in the Kingdom of Thailand.

15.    From further speaking with Detective Sergeant Bechtol I learned that on April 16, 2026, Candace Ross called the Lake Oswego Police Department for the purpose of having herself removed from LEDS/NCIC as a missing person.  Candace Ross refused to provide the call taker with her location.  She reported that she became aware of her status through a website that Hassan Mahmoud had started called www.bringazizhome.com as well as a YouTube video in which he claims that she is a criminal who had kidnapped his son.  During the call Candace argued that she is Abdelaziz's mother and the only one listed on his birth certificate which she argued made her the sole guardian.  Candace Ross stated that Hassan was a stalker and that she had left the country with Abdelaziz to get away from him.  When advised by Sgt. Bechtol that an order signed by a judge granted Hassan legal custody, Candace stated that she had not been served with the order; and further, that if the order had been signed in February of 2025, it was expired.  During the recorded call, Detective Sergeant Bechtol advised Candace Ross that there

**Affidavit of Yonsoo Lee**                                                            **Page  6**

was an order signed by a judge granting Hassan legal custody of Abdelaziz; and further, that she had a warrant for her arrest for Custodial Interference.   Candace Ross continued her refusal to provide Detective Sergeant Bechtol with her location but alluded to the fact that she was still out of the country.   She stated that she would contact him later and ended the call.   As of the time of this application, she had failed to follow up with Detective Sergeant Bechtol.   Further, this affiant is not aware of any legal steps Candace Ross has taken to remedy either the legal custody of Abdelaziz, nor her arrest warrant.

16.     On July 9, 2026, I contacted Hassan Mahmoud by telephone.   Hassan informed me that through his digital content company, he has access to resources and employees well versed in the digital space.   He advised me that created, or cause to be created, the website www.bringazizhome.com.   He reported that originally, he had created the site to bring awareness to his son's kidnapping.   He reported, however, that he believes Candace Ross has been repeatedly accessing the site.   When asked why he believes this, Hassan reported that he had his Information Technology (IT) person review the site visitor analytics stored in the website's Supabase database.   Hassan reported that between April 9, 2026 – April 18, 2026, an Apple iPhone 15/16 class device, running iOS Safari browser set to English, using IP address 38.68.135.114 visited his website multiple times.   He reported that the aforementioned IP Address is associated with a Virtual Private Network (VPN) service GTHost, a commercial VPN service that was used to mask the actual IP of the user.   Hassan reported that IP Address 38.68.135.114 geolocates to Dallas, Texas, however, I am aware that this geolocation is associated with the exit node for the VPN and is not the actual location of the user.   However, the device time zone which was read from the user device via the device's browser indicated that

**Affidavit of Yonsoo Lee**                                                                                **Page  7**

the physical device was located somewhere in the Asia/Bangkok time zone during the aforementioned visits to the website between April 9, 2026, and April 18, 2026.   I observed that this was consistent with Candace Ross having remarked about the website www.bringazizhome.com during her call with Sgt. Bechtol on April 16, 2026.

17.    On January 12, 2026, the Clackamas County District Attorney's Office obtained a Grand Jury Indictment against ROSS charging her with violating the following crimes:

1) CUSTODIAL INTERFERENCE IN THE FIRST DEGREE in violation of Oregon Revised Statute 163.257

2) CUSTODIAL INTERFERENCE IN THE SECOND DEGREE in violation of Oregon Revised Statute 163.245

Custodial Interference in the first degree and Custodial Interference in the second degree are felonies under the laws of the State of Oregon.

18.    On January 16, 2026, the Honorable Ann M. Lininger, Clackamas County Circuit Court, issued a warrant for the arrest of Candace Lynn Ross on the above listed charges.   A copy of that warrant is attached as Exhibit 1. On July 9, 2026, the Clackamas County District Attorney's Office reaffirmed that it would pursue extradition from any location once CANDACE LYNN ROSS is apprehended and will bear all expenses arising therefrom.

19.    United States Customs and Border Protection confirmed that ROSS, travelling under a known alias of CANDACE LYNN LAWSON, left the United States on March 12, 2025, on a flight bound for Qatar.   Also on the same flight was minor child Abdelaziz Mahmoud. Following a layover in Qatar, Candace and Abdelaziz travelled from Qatar to Bangkok, Thailand.

**Affidavit of Yonsoo Lee**                                                                                    **Page  8**

20.     Based on the foregoing, I have probable cause to believe and do believe that beginning in March 2025 and thereafter, ROSS removed a child (who previously resided in the United States) from the United States and continues to retain the child outside of the United States with the intent of obstructing the child's father who has legal custody from exercising his lawful parental rights in violation of United States Code, Section 18 U.S.C. § 1204.

21.     Prior to being submitted to the Court, this affidavit, the accompanying complaint and the arrest warrant were all reviewed by Assistant United States Attorney (AUSA) Mira Chernick, and AUSA Chernick advised me that in her opinion the affidavit and complaint are legally and factually sufficient to establish probable cause to support the issuance of the requested criminal complaint and arrest warrant.

22.     In consideration of the foregoing, I respectfully request that this court issue an arrest warrant for CANDACE LYNN ROSS.

*By phone pursuant to Fed. R. Crim. P. 4.1*
YONSOO LEE
FBI TASK FORCE OFFICER

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at 3:45 p.m. on August 3, 2026.

_____
HONORABLE JEFFREY ARMISTEAD
United States Magistrate Judge

**Affidavit of Yonsoo Lee**                                                                 **Page 9**